UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN C. MORGAN, | CIVIL ACTION NO. 16-8570 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

**Cooper, District Judge**

This matter comes before the Court on Plaintiff Kevin C. Morgan's ("Plaintiff") Motion for an Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (the "Motion"). (Dkt. 14.)[1] Defendant Acting Commissioner of Social Security ("Commissioner" or "Defendant") does not oppose Plaintiff's Motion, but raises an objection with respect to the payment of the award of attorney's fees directly to Plaintiff's counsel. (Dkt. 15.) For the following reasons, Plaintiff's Motion is granted.

---

[1] The Court will cite to the documents file on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation "dkt." Pincites reference ECF pagination.

1

**BACKGROUND**

On November 18, 2016, Plaintiff filed a complaint seeking review of the denial of his claim for Social Security benefits by the Commissioner. (See dkt. 1.) As required by Local Civil Rule 9.1(d)[2], Plaintiff filed a statement of primary contentions explaining his position in regard to his entitlement to relief. (See dkt. 8.) The parties consented to remand, and the Court entered an Order remanding this case to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Dkt. 13.)

Plaintiff filed the pending Motion seeking attorney's fees on April 17, 2017 as the prevailing party in this action. (Dkt. 15.) Plaintiff seeks attorney's fees for 12.9 hours of work performed at an hourly rate of $196.21, a sum of $2,531.00. In addition, Plaintiff seeks $400.00 in costs. In total, Plaintiff seeks $2,931.00. The Commissioner does not oppose the relief requested. (Dkt. 15 at 1.)

**DISCUSSION**

**I.     Applicable Standard**

The EAJA, in pertinent part, provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[2] Local Civil Rule 9.1(d)(1) states "[t]o encourage early and amicable resolution of Social Security matters, Plaintiff, within 14 days of the filing of Defendant's answer, shall file with the Clerk of this Court a statement setting forth Plaintiff's primary contentions or arguments as to why plaintiff believes that he or she is entitled to relief."

28 U.S.C. § 2412(d)(1)(A).  As a prerequisite to an award of attorney's fees, however, a court must find: (1) plaintiff timely submitted an application for attorney's fees and the requested amount is reasonable; (2) plaintiff was the prevailing party in the underlying action against the United States; and (3) the position of the United States in the underlying action was not substantially justified, nor do special circumstances make an award unjust.  Kadelski v. Sullivan, 30 F.3d 399, 401 (3d Cir. 1994).

## II.     Analysis

Upon consideration of Plaintiff's Motion and the applicable law, the Court finds that Plaintiff is entitled to an award of attorney's fees in this case.

### A.     Plaintiff's Application for Attorney's Fees is Timely

Applications for attorney's fees must be made within thirty days of a "final judgment."  28 U.S.C. § 2412(d)(1)(B).  Cases, such as this, that are remanded under sentence four of 42 U.S.C. § 405(g) are considered "final" immediately upon remand.  See Shalala v. Schaefer, 509 U.S. 292, 302-04 (1993).  Plaintiff filed the Motion six days after we remanded this case to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  (See dkt. 13; dkt. 14.)  Thus, Plaintiff's Motion was timely filed.

### B.     The Requested Amount is Reasonable

Plaintiff's counsel requests attorney's fees in the total amount of $2,931.00, based on $2,531.00 in attorney's fees plus $400 in costs.  (See dkt. 14-2; dkt. 14-5.)  The Defendant does not oppose this amount.  (See dkt. 15 at 1.)  28 U.S.C. § 2412(d)(2)(A) provides that attorney fees shall not be awarded in excess of $125 per hour unless the

3

Court determines that a cost of living adjustment should apply or that a special factor justifies a higher fee. See 28 U.S.C. § 2412(d)(2)(A). The Third Circuit has approved the use of the Consumer Price Index ("CPI") to determine cost of living adjustments under the EAJA. See Dewalt v. Sullivan, 963 F.2d 27, 28-30 (3d Cir. 1992); Allen v. Bowen, 821 F.2d 963, 964-67 (3d Cir. 1987). Plaintiff's counsel asserts that the appropriate hourly rate, adjusted for the cost of living, is $196.21.[3] We find the requested amount to be reasonable. We also find the requested costs in the amount of $400, attributable to the filing and administrative fee (see dkt. 1), to be reasonable.

### C. Plaintiff was the Prevailing Party

A plaintiff who obtains a judgment under sentence four of 42 U.S.C. § 405(g), including remand to the Commissioner for further development of the record, is deemed the prevailing party for purposes of the EAJA. Shalala, 509 U.S. at 301-02; Kadelski v. Sullivan, 30 F.3d 399, 401 n.2 (3d Cir. 1994). This case was remanded to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (See dkt. 13.) As a result, Plaintiff was the prevailing party.

---

[3] Plaintiff's counsel asserts that "[t]he United Stated Dept. of Labor notes the Consumer Price Index in March, 2006 [sic] for the New Jersey area has risen an average of 29% from March 29, 1996 to June 2014. Thus the hourly rate becomes $196.21." (Dkt. 14-2.) This statement is inaccurate. An increase of 29% on a base rate of $125 would equal $161.25 per hour, not $196.21 as suggested by Plaintiff's counsel.
  The CPI for the New York-Northern New Jersey area (which includes Trenton) was 166.5 on March 29, 1996 and increased to 261.35 as of June 2014. See http://www.bls.gov/schedule/archives/cpi_nr.htm (for CPI figures). This is approximately a 57% increase. A 57% increase would increase the hourly rate to $196.25. We also note that the CPI for the New York-Northern New Jersey area has continued to increase after June, 2014. See id. Nevertheless, because the Defendant does not object to Plaintiff's calculation, we find counsel's requested hourly rate of $196.21 to be reasonable.

4

## D. The Position of the United States was not Substantially Justified

The burden of showing substantial justification lies with the Commissioner. Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 127 (3d. Cir. 1993)). The Commissioner must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Id. In this case, the Commissioner does not argue that the position of the United States was substantially justified, and therefore fails to meet the burden of demonstrating substantial justification under the EAJA.

## E. Payment to Plaintiff's Counsel

Finally, Plaintiff requests that the fee award be paid directly to his counsel. (See dkt. 14-6.) Defendant objects and requests that the award of attorney's fees be paid directly to Plaintiff, and not his counsel. (See dkt. 15.) Defendant further states that the Commissioner will first determine whether Plaintiff has any outstanding federal debt to be offset from the attorney's fees, and, if not, the Commissioner will honor Plaintiff's assignment of attorney's fees. (Id. at 1.) If Plaintiff *does* have outstanding federal debt, Defendant represents that the Commissioner will, after subtracting the applicable amount, make the check payable to Plaintiff directly and deliver the check to the business address of Plaintiff's counsel. (Id. at 1-2.) Finally, Defendant states that if Plaintiff's outstanding federal debt exceeds the approved amount of attorney's fees, the amount of the attorney's fees will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid.

(Id. at 2.) Plaintiff did not file a reply with any objections to this proposed course of action.

Although EAJA fee awards belong to the prevailing party, not the party's attorney, 28 U.S.C. § 2414(d)(1)(A), such fees may be paid directly to a plaintiff's counsel in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. Astrue v. Ratliff, 560 U.S. 586, 597 (2010). While assignments are not prohibited, the Anti-Assignment Act provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Thus, assignment of Plaintiff's award to Plaintiff's counsel would only be possible if these requirements were waived – which the Defendant has conditionally agreed to do if the Plaintiff does not owe a federal debt. Accordingly, the Court finds that EAJA fees may be paid directly to counsel, subject to any government debt offset and Defendant's waiver of the Anti-Assignment Act's requirements.

## CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for an attorney's fees. An appropriate order follows.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** May 15, 2017